**CITY OF KNOB NOSTER, Missouri, Appellant,**

**v.**

**CASUALTY INDEMNITY EXCHANGE, Respondent.**

**No. WD 41368.**

Missouri Court of Appeals,
Western District.

May 16, 1989.

Leonard K. Breon, Breon & Leffler, Warrensburg, for appellant.

J. Kent Lowry, Hendren and Andrae, Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

TURNAGE, Judge.

The City of Knob Noster filed a suit for declaratory judgment against Casualty Indemnity Exchange to determine whether or not the City had coverage under its liability insurance policy. The court entered summary judgment in favor of C.I.E. The City contends that the court erred because an exclusionary clause is ambiguous and the elected city marshall was not an employee. Affirmed.

The City had a policy of liability insurance issued by C.I.E. The policy contained an exclusion from coverage as follows:

personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured.

The question of coverage arose when City Marshall Judd filed suit against the City in Federal District Court after the Mayor and Board of Aldermen had suspended him from office without pay for one week. The Judd suit alleged that the City had wrongfully deprived him of a protected property interest by suspending him and sought the recovery of his lost wages and $50,000 in damages for humiliation and emotional distress.

C.I.E. refused to defend the Judd suit on the ground that the exclusion above quoted applied because the claim arose out of the employment of Judd by the City.

The City contends that Judd was not an employee because he was an elected official and further contends that the exclusionary clause is ambiguous.

In *Interco Inc. v. Mission Ins. Co.,* 808 F.2d 682, 685[2, 3] (8th Cir.1987), the court held that a clause virtually identical to the exclusion in this case was clear and not ambiguous. In that case the employee, who had been fired by the employer policy holder, sued the employer for damages resulting from the termination. The court held that the exclusion applied and there was no coverage for the employee's suit.

This court agrees with the holding in *Interco* that the exclusion is not ambiguous, but is clear and is to be enforced as written.

In a city of the Fourth Class such as Knob Noster the marshall is elected. The City argues that Judd was not an employee because of a legal distinction between an employee and an elected official.

In *Protective Casualty Ins. Co. v. Cook,* 734 S.W.2d 898, 905[3–5] (Mo.App.1987), the court stated the well known rule that words in insurance policies "must be given their plain and ordinary meaning." Webster's Third New International Dictionary (1971) defines "employment" as "work in which ones labor or services are paid for by an employer." The evidence in this case was that Judd was a full-time marshall and chief of police of the City. He was listed as an employee on the payroll register of the City, and the City filed a W–2 form on his behalf with federal and state tax authorities. In addition, the City paid for the police car that Judd used, his uniform and other supplies necessary for the performance of his duties.

It is not necessary to consider the technical distinction between an elected official and a city employee because the clause in question here is to be read by giving the words their plain and ordinary meaning. Under the ordinary meaning of the word "employment", Judd had an employment relationship with the City. He gave his labor and service to the City and was paid by it. This satisfied the ordinary meaning of the term employment. The court correctly concluded that the exclusionary clause applied and there was no obligation on the part of C.I.E. to defend the Judd suit.

The judgment is affirmed.

All concur.